UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **D'LISA WILLIAM** | : | **DOCKET NO. 17-cv-929** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **UNITED SPECIALTY INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Remand [doc. 12] filed by plaintiff D'Lisa Williams ("Williams," "plaintiff"). The motion was filed in response to the Notice of Removal [doc. 1] filed by defendants Owen Chon Peraza ("Peraza"), United Specialty Insurance Company ("United"), On-Call Express Carriers, Inc. ("On-Call"), and Juan Rodolfo Rangel ("Rangel"), all of whom are represented by the same counsel and oppose this motion. Doc. 14. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **DENIED.**

### I.
#### BACKGROUND

This case arises from a motor vehicle accident that occurred on September 7, 2016, on Interstate 10 in Lake Charles, Louisiana. In her complaint Williams alleges that she was crossing a bridge and had slowed down due to traffic ahead of her when she was suddenly rear-ended by a truck driven by defendant Peraza. Doc. 1, att. 1, p. 2. She states that the impact made her vehicle cross the curb and strike a guard rail, causing her to suffer "Nervousness, nausea and upset; Occipital headaches; Scoliosis; Loss of normal cervical lordosis with kyphosis centered at C5-6; Disc bulges of the C5-6, C6-7, L4-5 and L5-S1 spine; [and] Sprain of the right shoulder, cervical spine, thoracic spine and lumbar spine." *Id.* at 2–3. Accordingly, she filed suit in the Fourteenth

Judicial District, Calcasieu Parish, Louisiana, seeking an unspecified amount of damages in multiple categories, including pain and suffering, lost wages, and medical expenses. *Id.*

As defendants in this suit Williams named Peraza, as well as Rangel and On-Call, whom she alleged to be Peraza's employers. *Id.* at 1–4. She also named United, insurer for Rangel and On-Call, and Geico Casualty Co., her uninsured/underinsured motorist carrier. *Id.* The suit was then removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, on July 20, 2017. Doc. 1.

Williams now brings the instant motion, alleging that defendants have not met their burden as to the amount in controversy and that the matter should be remanded "[u]nless and until the defendants stipulate, in the record, that the . . . medical evidence shows that the plaintiff's damages do in fact exceed the sum of $75,000." Doc. 12, att. 1, p. 1.

## II.
### LAW AND ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In resolving a motion to remand, we must look to the jurisdictional facts as they existed at the time of removal. *Asociacion Nacional de Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).

Louisiana law forbids plaintiffs in state courts from pleading a specific monetary value of damages. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (citing LA. CODE CIV. P. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to

federal court on the basis of diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either (1) showing that it is facially apparent from the allegations in the petition that the amount in controversy exceeds $75,000, or, if it cannot be shown from the petition, (2) offering summary-judgment type evidence that support a finding of the requisite amount. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Once the removing defendant has made this showing, the burden shifts to the plaintiff to show to a "legal certainty" that he will not be able to recover the jurisdictional amount. *De Aguilar*, 47 F.3d at 1411–12.

The state court complaint alleged multiple spinal cord injuries and claimed several categories of damages. In her motion Williams lists the physicians with whom she treated and the dates of treatment. Doc. 12, att. 1, p. 1. She also attaches MRI reports, which comport with the diagnoses alleged in the complaint.[1] Doc. 12, att. 3. Her evidence does not undermine the defendants' contention, in removing the case, that it was facially apparent from the complaint that the amount in controversy exceeded $75,000.[2] *See* doc. 1, pp. 4–6. She also attacks defendants' conclusion that her scoliosis is one of her alleged injuries, after she listed it in the complaint as a result of the accident.[3] Furthermore, she offers that remand should not be granted if the defendants

---

[1] Williams emphasizes that these show no herniation, but she did not allege any herniation in the complaint.

[2] Defendants point not only to the injury allegations and types of damages sought, but also to plaintiff's decision to sue her uninsured/underinsured motorist carrier when, they state, under federal law United's policy would provide up to $750,000 in coverage. Doc. 1, pp. 6–8. Williams states that she "added her UM carrier out of an abundance of caution, long before she new [*sic*] or had any idea what the defendant's liability limits either were or might be." Doc. 15, p. 1. Regardless of her motives, the injury and damage allegations in the complaint were sufficient to support the amount in controversy allegation, as defendants contend. *See* doc. 1, pp. 4–6.

[3] As noted above, Williams stated in the complaint that, "[b]ecause of the aforementioned accident and as a direct and proximate cause thereof," she sustained injuries including "Scoliosis." Doc. 1, att. 1, p. 3. However, in her reply to this motion she states:
> As a general rule, that finding is not related to trauma but is usually genetic or pre-existing. However, the condition may be aggravated by trauma and that might come into play in the plaintiff's pain level. Defendants have not carried their pre-requisite burden of proof in showing that said finding is either trauma related or that it is or could be responsible for causing damages in excess of $75,000,

will only stipulate that her medical evidence shows that her damages exceed $75,000. Thus, the plaintiff appears to be operating under a misunderstanding as to the defendants' burden in this matter, and as to the meaning of an amount "in controversy." As there is no real challenge to the removal here, the motion to remand should be denied.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** the Motion to Remand [doc. 8] be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 4th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

       exclusive of interest an [*sic*] costs. Absent such a showing, the Court must grant plaintiff's motion to remand.

Doc. 15, pp. 1–2. The Court must do no such thing and instead strongly cautions plaintiff's counsel about making contradictory and/or frivolous assertions in signed pleadings and motions. *See* FED. R. CIV. P. 11.